## City of Covington v. Louisville & Nashville Railroad Company.

(Decided March 20, 1914.)

### Appeal from Kenton Circuit Court
### (Common, Criminal Law and Equity Division).

1. Railroads—Streets and Sidewalks—Consent of Municipal Authorities Necessary To Use of By Railroad Tracks.—Kentucky Statutes, section 768, subsection 5, requires a railroad company, whether it operates a steam or electric railroad, to obtain the consent of the municipal authorities to its use of a street, sidewalk or alley of the municipality for laying and maintaining its tracks thereon, either in occupying same longitudinally or in crossing them.

2. Railroads—Construction of Statute—When Different Words May Be Given Same Meaning.—A railroad company has no more right to construct one of its tracks across the sidewalk of a street, without the consent of the municipal authorities, than it would have to construct it longitudinally on the street without such consent, because in crossing the sidewalk it would be constructing its track upon the sidewalk as much as if it were to follow the course thereof; and the words "upon" and "across," as used in the statute, are to be construed as synonymous terms when applied to a railroad company's occupation and use of a street or sidewalk with its tracks.

3. Railroads—Constitutional Provision—When Not a Limitation Upon Power of Municipality.—Although section 163, Constitution, omits to mention a steam railroad as among the public utility corporations required to obtain the consent of the authorities of a municipality to use its streets, as it does not confer upon a steam railroad the right to occupy with its tracks the streets of the municipality, without the consent of the municipal authorities, it was competent for the Legislature to provide by law that for such use of the streets the railroad company must obtain the consent of the municipality. The failure of the Constitution to deprive the municipality of the authority in question, left the Legislature free to confer upon it the right to exercise the power, as provided by section 768, subsection 5, Kentucky Statutes.

STEPHENS L. BLAKELY for appellant.

S. D. ROUSE, BENJAMIN D. WARFIELD for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

In Covington, a city of the second class containing 60,000 population, Washington street is occupied by several tracks of the appellee, Louisville & Nashville Railroad Co., and in building a spur or switch track from its north main track on Washington street, at a point near its intersection with Tenth street, to a vacant lot east thereof and upon which it contemplates the location of a warehouse for delivering and receiving freight to and from certain contiguous manufacturies, appellee attempted to construct and run it upon and across the sidewalk of Washington street, without first obtaining the consent of the general council of the appellant City of Covington to do so; and this action was instituted by appellant to enjoin appellee from making such use of the sidewalk without its consent, claiming that it was without authority from the city and constituted an obstruction of the sidewalk dangerous to the safety of the public. Appellee demurred to the petition, which demurrer the circuit court sustained, and from the judgment manifesting this ruling the city has appealed.

The circuit court in its construction of section 768, subsection 5, Ky. Stats., which provides that a railroad company shall obtain the consent of the city council to construct its tracks upon any street or alley of the city, seemed to be of opinion that the consent of the city is required only where the tracks are constructed longitudinally *upon* a public street, and that such consent is not necessary where they are constructed across a public street or sidewalk. It was urged by appellee's counsel in argument on the demurrer, and is now contended, that, under section 163, Constitution, subsection 5 of section 768, and section 769, Kentucky Statutes, a steam railroad company, like appellee, has the right to cross a street or alley of a municipality with its track or tracks without the consent of the authorities of the municipality, but conceded that such consent must be obtained to construct the track or tracks upon the street or alley; and further, that, as the sidewalk is but a part of the street, the right of the railroad to cross it with its track or tracks, without the consent of the municipal authorities, is as manifest as is the right to cross the street exclusive of the sidewalk. Section 163, Constitution provides:

"No street railway, gas, water, steam heating, telephone, or electric light company, within a city or town, shall be permitted or authorized to construct its tracks, lay its pipes or mains, or erect its poles, posts, or other apparatus along, over, under or across the streets, alleys or public grounds of a city or town, without the consent of the proper legislative bodies or boards of such city or town being first obtained; but when charters have been heretofore granted conferring such rights, and work has in good faith been begun thereunder, the provisions of this section shall not apply."

It will be observed that this section does not mention steam railroad companies, and it may be, as claimed by counsel for appellee, that it was amended before its adoption by the constitutional convention by striking from it words that would have made it expressly apply to steam railroads, but it is not to be overlooked that the constitution of the State places no limitation upon the power of the Legislature of the State to enact laws upon any subject except where such power is actually taken from it by that instrument; so it may be said that the omission of steam railroads from the section, supra, did not deprive the Legislature of the power to enact a statute that would include steam railroads among the public utility corporations that must obtain municipal authority to use the streets of the municipality. In other words, the failure of the constitution to deprive the municipality of the power here claimed for it, left it free to exercise the power. Therefore, it is apparent, after all, that we must in this case look to the statute for the purpose of ascertaining whether it was necessary for appellee to obtain appellant's consent to construct its track across the sidewalk of Washington street. Article 5 of Chapter 32, Kentucky Statutes, embraces the law of this State with respect to railroads of every character, and section 768, subsection 5 thereof, applying to both steam and electric railroads, whether the latter be street or interurban lines, confers upon each of them the right:

"To construct its road upon or across any watercourse, private or plank road, highway, street, lane or alley, and across any railroad or canal; but the corporation shall restore the water-course, private or plank road, highway, street, lane, alley, railroad or canal to its former condition, as near as may be, and shall not obstruct the navigation of any stream, or obstruct any pub-

lic highway or street, by cars or trains, for more than five minutes at any one time; and shall construct suitable road and street crossings for the passage of teams by putting down planks or other suitable material between and on each side of the rails, the top of which shall be at least as high as the top of the rails of such road or street; and in case the road is constructed upon any public street or alley, the same shall be upon such terms and conditions as shall be agreed upon between the corporation and the authorities of any city in which the same may be, but such road shall not be constructed upon any public street or alley until compensation shall be made by the corporation therefor to the owner of the property adjoining such street or alley, and opposite where such road is to be constructed, either by agreement or in the manner provided by law.''

It is not apparent from the language of this statute that it was the intention of the Legislature to make any distinction by using the words ''upon'' and ''across'' in the first part of the section and omitting to use the word ''across'' in the latter part. Possibly in using the word ''across'' in the first part of the section the Legislature intended to use it in connection with the word ''watercourse'' immediately following or the words ''railroad and canal,'' meaning to say that a railroad company should have the right to construct its road upon any private or plank road, highway, street, lane or alley, and used the word ''across'' as more proper in referring to the railroad, water-course or canal. But without entering into any such refinement of distinction it may be said that when a railroad crosses a street at right angles it is just as much *upon* the street as when it lies upon it longitudinally, and in the absence of a grant of the right of way by the city, the railroad company could neither lay its tracks upon or across a public street or sidewalk. In County of Jefferson v. Louisville & I. Railway Co., 155 Ky., 810, we had under consideration the statute supra. One of the questions presented for decision in the case was, did the railway company, without obtaining the consent of the fiscal court, have authority to take possession of the public road and lay its track in the traveled part or on the right of way of the road for a distance of perhaps two miles or for any distance? We held that the railway company did not have such authority. In giving our construction of the statute, supra, we in the opinion said:

"This statute confers power upon the appellee company to construct its road upon or across any private or plank road or highway, but this, in our opinion, does not mean that a railroad company may construct its line of road and lay its tracks longitudinally on a public highway. It only means that it may lay its tracks across such highway. The words "upon or across" are used interchangeably and they mean substantially the same thing. * * * The argument, however, is made that the use of the words "upon or across" any highway manifests a plain purpose to authorize railroad companies to construct their roads not only across the highway, but upon it longitudinally. It is said that if it was only intended to confer power to construct roads across highways the word "upon" would have been omitted, and that unless the words "upon" is given the meaning contended for it has no meaning at all. Supporting this view, attention is called to the fact that in speaking of the power to construct roads across a railroad or canal only the word across is used. But we find in the section when it comes to speak with particularity of the right to construct roads in streets that only the word "upon" is used, although it is quite clear that under this statute a road may be constructed "across" a street. It is also plain that whether a road is constructed "across" a street or highway, or constructed longitudinally with the street or highway, it is, nevertheless, upon the street or highway for the distance the construction extends, whether it be a few feet across the highway or street or for a mile in the street or highway. * * * The power to construct a railroad across a public highway would not necessarily confer power to construct it upon the grade of a public highway, as a railroad might be constructed across a highway by an overhead bridge or by an underpass, and so the use of the word "upon" in connection with the word "across" is pertinent and valuable in removing any doubt there might be as to the right of a railroad to construct a track across and upon the grade of a public highway. Applied in this sense both these words have a useful meaning, and it is decidedly preferable that they should be given this meaning rather than the meaning that would permit railroad companies to take possession of any highways of the State they might need in their business. * * * It may be well to add that nothing we have said in disposing of this case is to be con-

strued as meaning that a railroad company may construct its road even across a public highway without first obtaining the consent of the fiscal court, as we have not considered at all the powers of the fiscal court in controlling the use and occupation of the highways under their care.''

In our opinion it will be within the meaning of subsection 5, section 768, Kentucky Statutes, to say that appellee had no right to construct its switch track across the sidewalk of Washington street without the consent of the general council of the appellant city, because in crossing the sidewalk it would be constructing its track *upon* the sidewalk as much as if it were to follow the course thereof. In other words, the words ''upon and across'' are to be construed as synonymous terms when applied to a railroad company's occupation and use of a street or sidewalk. In Peoples Rapid Transit Co. v. Dash, 125 N. Y. 93, quoted with approval in County of Jefferson v. L. & I. Ry. Co., supra, the question here at issue seems to have been considered and decided. The case involved the construction of an act which prohibited the building of a railroad in, upon, or along any or either of the streets or avenues of the city of New York, except under such regulations as the Legislature might thereafter provide. It was urged that the act only prohibited the building of a railroad through a portion of the length of the street, but did not apply to its right to cross the street. In overruling this contention the court, speaking through Judge Peckham, said:

''If the road were built through the length of the street, its location might be easily described by the use of one of the three words contained in the statute ''in,'' ''upon'' and ''along'' such street. But to describe a road which simply crosses a street as being built ''along'' such street, would be using language neither appropriate nor exact. To say of such a road that it would be along or upon that street at the point where the railroad crossed, would be both appropriate and exact. There is a difference in the meaning of these three words as used in this statute, and some effect should be given to such difference. If that meaning be construed to simply prohibit a railroad along the length of the street, no effect whatever is given to the difference. The words used are certainly apt to describe a railroad which crosses the street. Such railroad is plainly, after that distance,

both in and upon a street which it crosses. If not in or upon it at this point, where is it? No description of its whereabouts at that particular point is better than to say that it is in or upon the street where it crosses. It is sufficient and, it is true it is not necessary, that the railroad should pass all the surface of the street, in order to be in or upon it." Arbenz vs. W. & H. R. Co., 33 W. Va., 1.

It is argued by counsel for appellee that section 769, Kentucky Statutes, which allows any railroad company to construct switch tracks and branches, make subscription to stock of any other roads, etc., likewise conferred upon appellee the right to cross the sidewalk in question with its switch track; but we are not disposed to hold that, because the Legislature by this section extended the powers of railroad companies to the operation of switches in addition to that they already had to own and operate their main tracks, that this gives to the railroad companies the right to exercise such additional powers without conforming to the restrictions and conditions imposed by section 768 or elsewhere laid down in the Statutes. Subsection 5 of section 768, and section 769 must be read together. While section 769 confers upon railroad companies additional powers, the manner in which such additional powers may be exercised is prescribed by subsection 5 of section 768, and the powers conferred by neither section can be exercised under the circumstances here attempted by appellee without first obtaining the consent of the municipal authorities.

In our opinion it is the clear and reasonable meaning of subsection 5 of section 768 that. the consent of the City of Covington must be secured to any occupancy by the railroad of its streets, sidewalks or alleys, whether the railroad tracks be laid upon or across the same. It does not seem to be questioned that the use made by appellee of Washington street by its occupation of it with its tracks down to the time of its attempted construction of the switch track across the sidewalk, was with the consent of the municipal authorities, but such consent and its use of the street with its tracks does not give appellee the right to construct another and additional track across the sidewalk of the street without first obtaining the permission of the municipal authorities so to do, and such consent, it is admitted, appellee did not obtain.

For the reasons indicated the judgment is reversed and cause remanded with directions to the circuit court

to overrule the demurrer filed by appellee to the petition and for further proceedings consistent with the opinion.

Whole Court sitting.